## Helms v. D'Eletto (No. 1)

*Mary Pruss,* for plaintiff.
*Ewing B. Pollock,* for defendants.

## OPINION

TOOTHMAN, *J.,* May 6, 1983—Plaintiff, Constance M. Helms, initiated this action in equity to abate an alleged nuisance and award damages caused by the "regular and persistent" barking of her neighbors', John and Edith D'Eletto, dogs, the unpleasant odors emanating therefrom, and the

general and regular disturbance of her and the children's homelife. She contends that the dogs cause her and her family "to lose sleep, seriously affects the comfort of her household, the peace and health of her family and greatly diminishes the use and enjoyment of her property" and through the loss of sleep was "forced to quit her second job" suffering a loss of wages. The answer of defendants renounces ownership of the dogs in the wife, but acknowledges that their property is jointly owned and admits that the husband owns and properly maintains a male and a female dog which he keeps in a kennel, located on the southeastern corner of their lot. He states that he uses them for hunting and breeding purposes and at intervals has a litter of pups for care and sale. Defendants further respond via new matter and a counterclaim, averring that plaintiff and her children have "repeatedly thrown stones and sticks into their yard, harrassing and terrifying the animals, and have actually injured the female dog.

## FINDINGS OF FACT

1. Plaintiff and defendants own adjoining lots in Franklin Township, Greene County, Pa., with family residences thereon. Plaintiff's lot is located at 1040 11th St. and defendants' lot is located at 690 Sherman Avenue, which lots join on the west side of plaintiff's lot.

2. Defendant John D'Eletto is the owner of two hunting dogs (Brittany Spaniels) which at present, and for several years prior hereto, have been kept and housed in a kennel and pen located on the southeast corner of his lot. They are used to show and to breed for sale, being of pedigree stock.

3. The kennels were constructed and are maintained in accordance with recognized standards recommended for the same, and relocated approximately 20 feet from plaintiff's house.

4. The dogs and dog kennels were on defendants' property at the time plaintiff purchased her property approximately five years ago, and the barking of the dogs has been continuous and regular since moving there, but became more distracting and annoying approximately two years ago with the birth of a litter of pups, which as they got older would fight with each other.

5. The barking has been continuous and at all hours of the day and night.

6. While it is disturbing and offensive to plaintiff and her family, other residents in the neighborhood testified that they were not bothered by the noise.

7. Plaintiff at times, becoming aggravated and frustrated by the noise of the animals, shouted at them, and she and/or her children have on occasion thrown stones at the dogs.

8. Defendant has done nothing to abate the noise, and became angry and unfriendly when plaintiff tried to get him to take corrective steps.

9. There is no zoning ordinance in effect in Franklin Township.

10. The area surrounding the two homes is a very fine residential area and is a suburban environment in the vicinity of the Greene County Memorial Hospital.

## DISCUSSION

The court in this action to abate a private nuisance is confronted with the difficult and delicate dilemma of whether a pair of man's best friends can continue to be housed by the owner in close proximity to his neighbor's residence, where the noise and

odors caused by their presence has become greatly offensive to plaintiff, a person of apparent reasonable sensitivity. The thread of law running through all actions seeking to attend a private nuisance, demonstrates that there is a fine balance to be drawn between the fullest use and enjoyment of one's property, but that use and enjoyment cannot extend to a denial of the same right and privilege of another person's property. The Pennsylvania Supreme Court, in the case of Phillips v. Donaldson, 369 Pa. 244, 112 Atl. 236 (1920), held that a private nuisance is distinguished from a public nuisance in that the latter is a nuisance common to the neighborhood while a private nuisance is one which inflicts personal injury to a private party or his property. And in P.L.E. Vol. 28, §28, the method and type of relief to be granted is outlined in this manner:

"In an action seeking to enjoin a nuisance, the relief to be awarded rests largely in the discretion of the trial court. If a nuisance cannot be abated without restraining the activity altogether, this will be done. However, the rights of defendant as well as those of plaintiff, are entitled to consideration, and the court should not interfere with the use and enjoyment of his property as to compel the destruction thereof further than is necessary to give the plaintiff the protection to which he is entitled."

Further, this section explains that upon granting equitable relief against a nuisance, damages may be awarded for any injuries sustained.

The Pennsylvania Supreme Court has adopted the Restatement of Torts, §822 in the case of Waschak v. Moffat, 379 Pa. 441, 109 A.2d 310 (1954), which section spells out in detail the cause of action for a non-trespassory invasion of another's interest in the private use and enjoyment of their land the last of the elements enumerated therein

if "(d) the invasion is either intentional and unreasonable . . ."

In the case of York v. Wertz, et al., 2 D.&C. 2d 759 (1955), the court considering a similar factual setting as the one before this court, stated at p. 759-760:

"Courts usually have to tread carefully whenever man's best friend is the subject of discussion, and the chancellor in this case has given what he considers mature deliberation to the present dispute . . . noises made by dogs may amount to a nuisance: Chambers v. Walker, 57 P.H.L.J. 210, when such noises amount to a nuisance an injunction may issue.

"The real test as to whether or not a noise is a nuisance to the person in the enjoyment and use of his property is whether or not it is of such a character as would annoy a person of ordinary sensibility . . . many people keep dogs in built-up areas and when ordinances do not interfere they have a right to do so. However, it is incumbent upon them to see that their dogs act in such a way as to not disturb their neighbors."

In this case, plaintiff has demonstrated that the howling and barking of the dogs at different times during the day and night has been a continuing cause of a considerable disturbing, discomforting and disrupting influence upon the use and enjoyment of her property. Even though the kennels were carefully constructed, and the dogs are regularly cared for, they create a continuing invasion of the personal and property rights of plaintiff. To have as a constant companion a pair of Brittany Spaniels within 21 feet of one of her bedrooms, with the attendant noises and odors, in a substantial residential area, is a nuisance which our objective judgment determines is unreasonable and intolerable.

## CONCLUSIONS OF LAW

1. Defendant's maintenance of a dog kennel in close proximity of plaintiff's residence is an unreasonable invasion of the personal and property rights of plaintiff and requires injunctive relief, it being a private nuisance.

2. Plaintiff has caused no unnecessary nor unreasonable harm to defendant and the counter claim is without justification or merit.

## DECREE NISI

And now, this May 6, 1983, the court grants the injunctive relief as prayed for, and orders defendant to remove from his property the dogs forthwith. No damages are allowable to plaintiff. The counterclaim is hereby dismissed. This order shall become final within 20 days, unless exceptions are filed thereto.